## Commonwealth v. Lay.

(Decided June 15, 1917.)

## Appeal from Warren Circuit Court.

1. Breach of the Peace—Bail.—The power to hold to bail to keep the peace existed at the common law in England, and has been considered a part of the common law of this country.

2. Breach of the Peace—Security to Keep the Peace.—The requirement of surety to keep the peace is "preventive justice," and consists in obliging those persons of whom there is a probable ground to suspect future misbehavior, to stipulate with, and to give full assurance to, the public that such offense as is apprehended shall not again happen; such requirement, however, is not to be regarded as a punishment.

3. Intoxicating Liquors—Criminal Prosecution—Statutes—Jurisdiction.—Chapter 53 of the Acts of 1916, which amended sub-section 3 of section 2557b of the local option law of Kentucky, and provided that the trial court shall require the defendant upon his first conviction to execute bond in the sum of $200.00, to be of good behavior for the period of twelve months, did not add an additional punishment to that provided by section 1093 of the Kentucky Statutes, or place such prosecution beyond the jurisdiction of quarterly courts.

M. M. LOGAN, Attorney General, and J. H. GILLIAM for appellant.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This case arises under the provisions of chapter 53 of the Acts of 1916, which amends sub-section 3 of section 2557b of the Kentucky Statutes, relating to the punishment of persons for violating the local option law.

Under sub-section 2 of section 2557b of the Kentucky Statutes the penalty for a violation of the local option law is a fine of not less than fifty nor more than one hundred dollars, and imprisonment for not less than ten nor more than fifty days.

Sub-section 3 of the same section, before the amendment of 1916, further provided as follows:

"On the second or any subsequent conviction for a violation of said act, or any of its amendments, the court shall require the defendant to execute bond in the sum of two hundred dollars to be of good behavior for the period of twelve months.

"The court may, in its discretion, increase the amount of the bond, and if the bond is not given the defendant shall be committed to the county jail for a period not exceeding ninety days, to be fixed by the court."

The amendment of 1916, however, provides that the bond above required for good behavior shall be given upon the defendant's first conviction. Acts 1916, p. 512.

Under section 1093 of the Kentucky Statutes the jurisdiction of justices and quarterly courts in cases of this character is limited to a fine not exceeding $100.00, and imprisonment not exceeding fifty days, or both.

The appellee, John Lay, was tried and convicted in the quarterly court, for violating the local option law. He was afterwards indicted in the circuit court for the same offense, the Commonwealth's attorney taking the position that the trial in the quarterly court was void for want of jurisdiction. Upon Lay entering his plea of former conviction in the quarterly court, the Commonwealth demurred thereto, claiming that the quarterly court was without jurisdiction to try the defendant under the statute as amended in 1916. The circuit court, however, held the plea good; overruled the demurrer; and dismissed the indictment; whereupon the Commonwealth prosecuted this appeal, for the purpose of obtaining a final interpretation of the statute for guidance in future cases.

So, the sole question in this case is, whether the quarterly courts have jurisdiction to try a person charged with a violation of the local option laws, and require the bond provided for by the amendment of 1916, *supra.* The punishment for such a violation without the requirement for the execution of the bond, is as great as may be imposed by a quarterly court; and, if the execution of the bond for $200.00 is an additional punishment, it necessarily follows that the offense is beyond the jurisdiction of the quarterly court.

The Commonwealth insists that the requirement of a bond for future good behavior upon the conviction of the defendant is not a part of the penalty for the violation of the statute, but is a precaution that must be taken by the court to prevent future violations of the law.

The statute as it stood before the amendment of 1916, when it required a bond upon the second conviction in cases of this character, was before the court in Hyser v. Commonwealth, 116 Ky. 412; and, in that case the court held that if the requirement of the bond from the defendant was a punishment at all, it was a punishment falling under the head of "preventive justice," and is but declaratory of the common law. The rule recogniz-

ing this character of justice is stated as follows in 9 C. J., p. 393:

"The power to hold to bail to keep the peace existed at common law in England and has been considered part of the common law of this country.

"The requirement of surety of the peace is preventive justice and consists in obliging those persons of whom there is a probable ground to suspect future misbehavior, to stipulate with, and to give full assurance to, the public that such offense as is apprehended shall not happen, by finding pledges or securities for keeping the peace. It is, however, to be observed that, strictly speaking, such proceedings are not criminal, although they are more in the nature of criminal than of civil proceedings. Such a proceeding is not, however, the prosecution of an offense committed, and hence does not, it seems, come under the constitutional inhibition against a second jeopardy for the same offense."

In Reg. v. Rogers, 7 Mod. 28, 87 Reprint 1074, and in Pouliot v. Descroiselles, 22 Can. Cr. Cas. 243, it was held that the binding over of the convicted prisoner to keep the peace is not to be regarded as a punishment.

See, also, Blackstone's Com. IV 252; 8 Rul. Cas. L. 282; Allen v. Commonwealth, 140 Ky. 302, to the same effect.

From a reading of the amendatory act of 1916, in connection with sections 382 to 393 of the Criminal Code, it seems reasonably clear that the act of 1916 was intended to be an additional ground upon which security may be required of a person upon his first conviction. Section 382 sets out the specific grounds upon which a person may be required to give security to keep the peace; and, we find that under section 384 a magistrate may require a person to give security to keep the peace for his good behavior and commit him to jail for a period not exceeding three months upon his failure to give the bond. The act of 1916 contains a provision that in the event the person fails to execute the required bond he may be committed to jail not exceeding ninety days. Section 385 of the Criminal Code provides that security to keep the peace may be required for any length of time not to exceed one year; and, we find the same provision in the act of 1916, *supra*.

From a consideration of these several statutes, it is apparent that when a person is brought before a magistrate for trial on a charge of violating the local option

law, and he is convicted on such a charge, it is the duty of the inferior court to require the defendant to execute a bond for his good behavior. It does not add to his punishment; it merely prevents future violations of the law. His conviction is merely evidence that he may again violate the law; and, the bond is not required of him because of what he has done, but on account of what he may do in the future; and what he has done is evidence of his probable repetition of the offense.

Under the authorities above cited, it is clear that the bond requirement is not a part of the punishment; and, that being true, the quarterly court had jurisdiction of the case.

Judgment affirmed.