## Clark v. Commonwealth.

(Decided October 7, 1924.)

### Appeal from Clay Circuit Court.

1. Intoxicating Liquors—Every Violation of Act Held to be Punished According to Certain Section, Unless Different Penalty Provided.—Legislature in enacting Acts 1922, c. 33, intended, not only to punish every violation of act, but to make punishment fixed by section 2 applicable to every violation, unless different penalty was provided.

2. Intoxicating Liquors—Forfeiture of Property as Nuisance Under Statute Held Not Punishment for Crime.—Forfeiture of property, · under Acts 1922, c. 33, as a liquor nuisance is in no sense a punishment for crime, but is simply method designed to abate and prevent continuance of nuisance; forfeiture being enforced by equitable action.

3. Intoxicating Liquors—Violation of Section Concerning Use of Property for Sale of Liquors Punishable by Fine and Imprisonment.—Acts 1922, c. 33, section 13, relating to use of property for sale of intoxicating liquors, does not provide particular penalty, and one who violates it is criminally liable and subject to punishment by fine and imprisonment imposed by section 2.

4. Intoxicating Liquors—Judge Cannot Issue Search Warrant Except upon Affidavit of Some One Else.—Judge cannot enter order reciting things that transpired in his presence and direct clerk of court to issue search warrant, under Acts 1922, c. 33, section 14; an affidavit of some other person being necessary.

5. Criminal Law—Evidence Obtained by Illegal Search Not Admissible.—Evidence obtained by lilegal search is not admissible.

T. H. WEBB for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of a nuisance committed by unlawfully and intentionally using his property for the

sale of intoxicating liquors, and his punishment fixed at a fine of $100.00 and fifteen days in jail.

At the outset we are met by the contention that the statute provides only for the forfeiture of the property, and does not subject the offender to punishment by fine and imprisonment.

Indictment was returned under section 13, chapter 33, Acts 1922, which is as follows:

13. "Any person, firm or corporation, knowingly or intentionally renting, hiring, letting or lending or leasing or permitting the use of, or using any building, house, structure, or premises, farm or part thereof, real estate or part thereof, or any boat or other water craft or air craft, or any car, truck, wagon or team, automobile or other vehicle, or the animals used in hauling or propelling the same for the purpose of the unlawful manufacture, sale or transportation of intoxicating liquors, to another or other shall be considered guilty of a nuisance and of a violation of this act, and any property so used in violation of this act shall become forfeited to the Commonwealth of Kentucky. Any Commonwealth's attorney, county attorney, mayor of a city or town, or any private citizen, may maintain an action in equity in the name of the Commonwealth of Kentucky upon relation of said officers or citizens against the owner to forfeit such property, and in such action evidence of the general reputation of the place or property and of defendant shall be admissible. Upon a judgment of forfeiture, the court shall direct the sheriff to sell the property. If personal property the sheriff shall sell same for cash at public auction, and if real estate he shall sell same on a credit of six and twelve months, taking bonds therefor with good and sufficient personal security and in addition retaining a lien on the land or real estate to secure payment of said bonds; but before selling either personal property or real estate the sheriff shall advertise same as in sales under execution.

"The sheriff for making said sales shall receive the same fees as allowed for sales under execution.

"The sheriff shall pay first out of the purchase money any valid *bona fide* recorded liens on the said property so sold and the state shall have power, in its discretion, to order a sale subject to said liens.

"If the complaint herein is filed by a citizen it shall not be dismissed except upon a sworn statement made by a complainant and his attorneys, setting forth the reasons why same should be dismissed and the dismissal approved in writing by the Commonwealth or county attorney in open court. If the complaint be filed by a private citizen and a sale ordered said citizen shall receive 10 per cent of the net proceeds of sale of any property under any judgment of forfeiture to be ordered paid in the judgment of the court, and the sheriff shall pay the same to said citizen out of proceeds of sale, after deducting costs and all valid liens.

"No liens on any property so sold shall be paid unless same is recorded prior to the committing of said nuisance, unless lienor can establish he had no knowledge of said nuisance and the burden shall be upon the lienor to establish same.

"The sheriff, after payments of liens, costs and fees, shall pay the balance of proceeds of sale to the trustee of the jury fund, who shall report same as in all other fines and forfeitures. The forfeiture herein provided for shall extend to the whole of the farm, premises, building or structure owned by defendant or to such thereof as he has an interest in, including all land and buildings in one boundary and shall not be construed to mean a part thereof."

Sections 1 and 2 of the same act are as follows:

1. "That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky.

2. "On a first conviction for a violation of any provision of this act, except for a violation of a provision for which a particular penalty is herein provided, the defendant or defendants shall be fined not less than one hundred dollars nor more than three hundred dollars, and if persons, shall in addition, be imprisoned in the county jail for not less than thirty days nor more than sixty days.

"Upon a second conviction for a violation of any provision of this act, except sections 3, 4, 14, 22, 23, 24, 26, 27, 28, 29, 30, 31 and 33, the defendant or de-

fendants, if persons, shall be confined in the penitentiary for not less than one year, nor more than three years, and for a third conviction and each subsequent conviction, the person or persons shall be imprisoned in the penitentiary not less than five years nor more than ten years. If the defendant be a corporation, for the second offense, a fine shall be imposed of not less than one thousand dollars, nor more than five thousand dollars, and for the third and each succeeding offense a fine shall be imposed in the discretion of the jury, but not for less than five thousand dollars.''

Section 13 provides that anyone doing the things therein prohibited, ''shall be considered guilty of a nuisance, *and of a violation of this act.*'' In other words, the offender is guilty not only of a nuisance, but of a violation of the act itself. Section 2 fixes the punishment on a first conviction for a violation of any provision of the act except for a violation of a provision for which a particular penalty is provided. Not only so, but it fixes the punishment for a second violation of any provision of the act except certain sections, and section 13 is not included in the excepted sections. It is therefore clear that the legislature intended not only to punish every violation of the act, but to make the punishment fixed by section 2 applicable to every violation, unless a different penalty was provided. The question is, does section 13 provide a different penalty for the offenses therein described? A penalty is a punishment for crime. If the section had provided that a forfeiture of the property on which the nuisance was committed should follow as a consequence of a conviction in a criminal proceeding, there might be some merit in the contention that the forfeiture was a penalty, but such is not the case. The only way in which property may be forfeited for a violation of the act is by a separate and independent action in equity, which is not a criminal proceeding, but a civil proceeding, having for its purpose the abatement of the nuisance, and not the conviction of the wrongdoer. Therefore, the forfeiture is in no sense a punishment for crime, but is a simple and effective method designed to abate and prevent the continuance of the nuisance. Dobbin's Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637; United States v. Three Tons of Coal, 6 Biss. 379; House and Lot v. State of Alabama, Ex rel, State Solicitor, 204 Alabama 108, 85 So

382, 10 A. L. R. 1589. It follows that section 13 does not provide a particular penalty, and that one who violates. that section is criminally liable, and subject to the punishment imposed by section 2.

Another contention is that the evidence on which appellant was convicted was procured by an illegal search. It appears that when the judge of the circuit court was returning from church one Sunday morning in April, 1923, he saw two colored men, who were drunk, go to appellant's premises. Thereupon he directed the deputy sheriff to arrest them. The deputy entered and made the arrest. He found the men seated on a bed with a glass, spoon, and some bottles, scattered about the room, containing a mixture which appeared to be sugar and some kind of liquor. Thereupon the judge entered an order reciting the things that had transpired in his presence, and directed the clerk of his court to issue a search warrant. Taking the search warrant, the officers went to appellant's premises, and made a search, and on the trial testified to what they had seen. The Constitution provides that no warrants shall issue to search any place, or seize any person, or thing, without describing them as nearly as may be, nor without probable cause supported by oath, or affirmation. The prohibition act authorizes any circuit judge, county judge, police judge, or justice of the peace, to issue a search warrant "when affidavit of any state or federal officer, or of any reputable citizen, is filed with him describing the house, building, or premises, as nearly as may be, where intoxicating liquors are sold, or manufactured, or disposed of, or illegally possessed in violation of this act." Acts 1922, chapter 33, section 14. It will be observed that the filing of the affidavit of any state or federal officer, or of some reputable citizen, is required before a search warrant may be issued. We have ruled that a justice of the peace is without power to issue a search warrant upon his own knowledge. Morse v. Commonwealth, 204 Ky. 672. It is apparent that the act places the circuit judge upon the same footing, and that he has the power to issue a search warrant only upon the affidavit of some one else. As the search warrant was not authorized, it follows that the search was illegal, and that the evidence thereby obtained was not admissible.

Judgment reversed and cause remanded for a new trial consistent with this opinion.