## Osborne v. Commonwealth.

(Decided April 20, 1926.)

### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Judge or Justice of the Peace has no Power to Issue Search Warrant Upon His Own Knowledge (Constitution, Section 10; Kentucky Statutes Supp. 1924, Section 2554a-14).— Judge or justice of the peace is without power to issue a search warrant upon own knowledge; the affidavit of some other person is necessary, in view of Constitution, section 10; Kentucky Statutes Supp. 1924, section 2554a-14.

2. Intoxicating Liquors.—Probable cause, under Constitution, section 10, to authorize issuance of search warrant, is a question for the judge or justice issuing it, under Kentucky Statutes Supp. 1924, section 2554a-14.

3. Intoxicating Liquors.—The affidavit on which a search warrant is based must state facts from which the existence of probable cause, under Constitution, section 10, may be determined, in view of Kentucky Statutes Supp. 1924, section 2554a-14.

4. Searches and Seizures—Witnesses—Where "Affidavit" was Made by Accused's Wife and Read by the Judge as Basis of Search Warrant, Wife "Testified" Against Husband Within Meaning of Statute, and Search Warrant was Not Sufficient to Authorize Search (Civil Code, Sections 543, 547, 606; Constitution, Section 10).— Where "affidavit" was made by accused's wife and read by the judge as the basis of a search warrant, she "testified" against her husband within the meaning of Civil Code, section 606, which forbids wife to testify against husband, in view of sections 543, 547, and in view of Constitution, section 10, search warrant was not sufficient to authorize a search; an "affidavit" being a written declaration under oath without notice to adverse party, and "to testify" is to make a solemn declaration, verbal or written, to establish some fact.

5. Criminal Law.—Where search warrant was not sufficient to authorize search, evidence obtained thereby will be excluded.

ROSCOE VANOVER and TAYLOR & RATLIFF for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of the offense of unlawfully manufacturing intoxicating liquor, and his punishment fixed at a fine of $100.00 and 60 days' imprisonment in the county jail.

The principal ground urged for a reversal is that the evidence was obtained by a search made under a search warrant based on an affidavit made by appellant's wife. With certain exceptions not here material, neither the husband nor the wife can testify against the other. Subsection 1, section 606, Civil Code. The Commonwealth insists that the prohibition applies only to an actual trial, and does not include the making of an affidavit for the purpose of obtaining a search warrant. Our Constitution provides that "no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, or without probable cause supported by oath or affirmation." Constitution, section 10. The statute authorizes any judge or justice of the peace, upon the filing of proper affidavit, to issue a search warrant. Section 2554a-14, Kentucky Statutes, Supp. 1924. A judge or justice of the peace is without power to issue a search warrant upon his own knowledge. The affidavit of some other person is necessary. Morse v. Commonwealth, 204 Ky. 672, 265 S. W. 37; Clark v. Commonwealth, 204 Ky. 740, 265 S. W. 280. Probable cause is a question for the judge or justice, and the affidavit must state facts from which the existence of probable cause may be determined. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. To testify is to make a solemn declaration, verbal or written, to establish some fact. Ex Parte Welborn v. Faulconer, 237 Mo. 297, 141 S. W. 31; 4 Words and Phrases, 890. It is also said that the word "testify" ordinarily means "the making of any statement under oath in a judicial proceeding." State v. Murphy, 128 Wis. 201, 107 N. W. 470. An actual trial is not necessary, otherwise one could not testify before a grand jury. Under our Code, "the testimony of witnesses may be taken by affidavit, deposition or oral examination." Section 543, Civil Code, "An affidavit is a written declaration under oath made without notice to the adverse party." Civil Code, section 544. "An affidavit may be read to verify a pleading; to prove the service of a summons, notice or other process in an action; to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or a warning order or upon a motion; *and in any other case permitted by law.*" Section 547, Civil Code. Here the affidavit was made and read in a "case permitted by law." It was a judicial proceeding in which the judge

was required to review the statements contained in the affidavit and determine the existence of probable cause. We are therefore of the opinion that when the affidavit was made by appellant's wife, and read by the judge as the basis of the search warrant, she testified against her husband within the meaning of the Code. This view finds confirmation in the fact that following the several subsections of section 606 of the Civil Code relating to the competency of witnesses, is subsection 9, which declares that ''none of the preceding provisions of this section apply to affidavits for provisional remedies, or to affidavits of claimants against the estates of deceased or insolvent persons, or affect the competency of attesting witnesses of instruments which are required by law to be attested,'' thus showing that the legislature believed that but for subsection 9 all affidavits that could be read as evidence would be covered by the prior provisions of section 606. Not only so, but the same considerations of public policy that forbid the wife from testifying against her husband on his trial apply with equal force to a case where she appears before a judicial officer and makes oath to facts to be used in procuring her husband's conviction. It follows that the search warrant was not sufficient to authorize the search, and that the evidence thereby obtained should have been excluded.

Judgment reversed and cause remanded for a new trial consistent with this opinion.