## Smiddy v. Commonwealth.

(Decided April 20, 1926.)

### Appeal from Whitley Circuit Court.

Perjury—Police Court Being Without Jurisdiction of Prosecution for Carrying Concealed Weapons, Conviction for False Swearing Therein Cannot be Sustained—"Judicially Pending"—"Legally Sworn" (Kentucky Statutes, Sections 1174, 1309).—Police court being without jursidiction of a prosecution for carrying concealed weapons under Kentucky Statutes, section 1309, conviction for false swearing in such prosecution cannot be sustained under section 1174; alleged false testimony not being given in a matter "judicially pending" or on a subject in which defendant could be "legally sworn."

J. B. SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant, Bill Smiddy, was convicted in the Whitley circuit court of false swearing and adjudged to serve one year in the state penitentiary at hard labor. He prosecutes this appeal.

That the judgment can not be sustained becomes apparent when the following facts appearing in the record are considered: The police court of the city of Jellico, Kentucky, tried appellant for the offense of carrying concealed upon or about his person a deadly weapon, a pistol. A jury was impanelled and sworn and a final trial of the offense was had in that court. Appellant was sworn in his own behalf and testified that on the occasion in question he did not have the pistol concealed upon or about his person. He introduced witnesses whose testimony tended to corroborate his statements. The Commonwealth proved by its witnesses that on the occasion in question appellant did have a pistol concealed upon or about his person. The jury sworn to try that issue returned a verdict finding defendant not guilty of the offense charged. Thereafter, in the Whitley circuit court, the indictment herein was returned by which appellant was charged with having sworn falsely upon that trial in the Jellico police court. The jury that tried him in the circuit court upon the latter charge concluded that appellant, on the occasion in question, had the pistol concealed upon or about his person, and that when he testified in his own behalf in the police court that he did not have it he was guilty of false swearing. Consequently the jury returned the verdict of guilty, which is the foundation of the judgment appealed from herein.

The insurmountable barrier that stands between this court and an affirmance of the judgment herein is the fact that the Jellico police court did not have jurisdiction of the offense for which it was undertaking to try appellant finally on the occasion when, after having been sworn by the judge of that court, he gave the alleged false testimony. By section 1309, Kentucky Statutes, it is provided that any person found guilty of carrying concealed upon or about his person a deadly weapon shall be fined not less than $50.00 nor more than $100.00 and imprisoned in the county jail not less than ten nor more than 40 days, and shall be disfranchised and deprived of the right of suffrage for a period of two years. The punishment imposed by the statute for that crime places it beyond the jurisdiction of police courts for final trial. The Jellico police court assumed final jurisdiction of the offense of carrying concealed a deadly weapon and placed appellant upon trial therefor. A jury was impanelled and sworn and the court was sitting, not as a magistrate to hold an examining trial, but as a court which assumed

jurisdiction to try the offense finally. Clearly then in so doing the court was acting wholly without its jurisdiction. It had no authority to try appellant finally for the offense charged.

One may be punished for false swearing under our statute on the question only when "in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn," he wilfully and knowingly swears, deposes or gives in evidence that which is false. Section 1174, Kentucky Statutes. In view of the fact that the Jellico police court was acting wholly without its jurisdiction in attempting to try appellant no matter was "judicially pending" before it at the time appellant gave in evidence the alleged false testimony. For the same reason the subject under investigation concerning which appellant was sworn was one in which he could not be "legally sworn." Before punishment for false swearing can be imposed it is requisite that the matter concerning which the alleged false testimony is given must be "judicially pending" and that the evidence must be given on a subject in which the defendant can be "legally sworn." Both of those requisite elements were lacking upon the occasion when appellant is charged by the indictment and shown by the evidence herein to have given the alleged false testimony. It follows, therefore, that the Commonwealth wholly failed to make a case against appellant and that the trial court erred at the close of the Commonwealth's testimony in not peremptorily directing the jury to return a verdict of not guilty.

The judgment, therefore, is reversed and this cause remanded, with direction that appellant be granted a new trial, and for further proceedings consistent with this opinion.