## Commonwealth v. Burnett et al.

(Decided June 17, 1938.)

232

J. B. JOHNSON, Commonwealth's Attorney, and JAMES A. IN-MAN for appellant.

G. W. HATFIELD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Reversing.

This is an appeal from a judgment of the McCreary Circuit Court. Appellees, who were the plaintiffs below, filed a petition in the Quarterly Court of McCreary County, alleging in substance that the appellee Melton Burnett was arrested in McCreary County on a charge of operating a motor vehicle while intoxicated. He was taken before Squire J. O. McDowell, pleaded guilty, and was fined $100 and costs. After the judgment was entered, Burnett, with other appellees as his sureties, executed a replevin bond before Squire McDowell, which was not paid at its maturity. Thereupon an execution was issued on the bond and placed in the hands of the sheriff for collection. This suit was instituted to enjoin the collection of the bond and the execution thereon because of the alleged lack of jurisdiction of the magistrate to try Burnett. The answer does not dispute the material facts as alleged in the petition, but presents simply the question of law as to whether or not the magistrate had jurisdiction, under Section 2739g-34 of the Kentucky Statutes. The Quarterly Court granted the injunction prayed, and, upon appeal to the Circuit Court, the Commonwealth intervened as the real party in interest and adopted the answer theretofore filed. The Circuit Court sustained a demurrer to the answer, and the Commonwealth has appealed.

At the outset, we are confronted by a motion to dismiss the appeal on the ground that this Court is without jurisdiction. It has been repeatedly held that

an appeal lies from a judgment perpetuating an injunction to restrain the collection of money, where that is the sole relief asked, although the amount involved is less than $200. Burnside Supply Company v. Burnside Graded Common School, 260 Ky. 482, 86 S. W. (2d) 160; Day v. Bauer, 215 Ky. 335, 285 S. W. 207; Kentucky River Hardwood Company v. Noble, 168 Ky. 773, 182 S. W. 941; Staples v. Shiver, Ky., 122 S. W. 826; Shackelford v. Phillips, 112 Ky. 563, 66 S. W. 419, 24 Ky. Law Rep. 154, rehearing denied 112 Ky. 563, 68 S. W. 441, 24 Ky. Law Rep. 154.

The only remaining question necessary for our consideration is whether or not the magistrate had jurisdiction to try Burnett. Section 2739g-34a provides as follows:

"That it shall be unlawful for any person to operate a motor vehicle upon any of the public highways of this Commonwealth, while in an intoxicated condition and for each violation of the above provision the person so offending shall be fined, for the first offense, not less than one hundred nor more than five hundred dollars and his license to operate a motor vehicle revoked for the period of one year, and for the second and each subsequent offense he shall be fined not less than $100 nor more than $500, and confined in the county jail not less than thirty days nor more than six months."

By section 1093 of the Kentucky Statutes, it is provided that Magistrates "have jurisdiction exclusive of circuit courts in all penal and misdemeanor cases, the punishment of which is limited to a fine of not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases and misdemeanor cases, the punishment of which is limited to a fine of not exceeding five hundred dollars, or imprisonment not exceeding twelve months, or both * * *."

It is insisted for the appellees that justices of the peace have no jurisdiction to try cases under Section 2739g-34a for the reason that the punishment to be inflicted is not limited to a $500 fine, but involves likewise an additional punishment in the revocation of the defendant's license to operate a motor vehicle for the period of one year. It is argued that the additional penalty thus provided in the statute deprives inferior

courts of jurisdiction to try the offense covered by the statute, and, for that reason, the bond here sued on, given pursuant to a void judgment, is itself invalid.

An analogy is sought to be drawn between the instant situation and a conviction under Section 1309 of the Kentucky Statutes for carrying concealed a deadly weapon, under which it is provided that a person convicted "shall be disfranchised and such conviction shall operate to exclude such person from the right of suffrage for a period of two years from the date thereof."

In Smiddy v. Commonwealth, 214 Ky. 100, 282 S. W. 774, it was held that the punishment thus fixed by Section 1309 placed it beyond the jurisdiction of inferior courts for final trial. In Franklin v. Commonwealth, 195 Ky. 737, 244 S. W. 299, it was held that the penalty of disfranchisement "attaches as a consequence of conviction, and is not dependent for its enforcement upon the recommendation of the jury, but should be included by the court in its judgment in all cases of conviction, independently of any reference thereto in the verdict."

It will be observed at the outset that the punishment of disfranchisement is inflicted by the judgment of the very court trying an offender under Section 1309, while in cases under Section 2739g-34a the inferior courts are given no power themselves to revoke a license. On the contrary, jurisdiction to suspend or revoke an operator's license is expressly conferred on circuit courts by Section 2739m-48, and it is "provided that inferior courts may recommend to the Circuit Court a suspension or revocation of any license issued under this section."

If the provision for the revocation of an operator's license were entirely removed from Section 2739g-34a, it could hardly be doubted that inferior courts would then have jurisdiction to try offenders thereunder. Accepting this premise, it nevertheless appears that the offender would be no better off, for, by the provisions of Section 2739m-48, 2739m-49 and 2739m-50, it would still be the duty of the Circuit Court or of the Department of Revenue to suspend or revoke the license upon notice of the conviction. Obviously, it is not the inferior court that revokes the license. The Circuit Court or the Department of Revenue revokes the

license, not as a punishment to the offender, but in the interest of public safety.

A much closer analogy to the situation presented by the case at bar than is provided in Smiddy v. Commonwealth, supra, is to be found in the decision of this Court in Commonwealth v. Lay, 176 Ky. 357, 195 S. W. 407, wherein it was held that the requirement of a bond to keep the peace under the provisions of the then existing local option law was not a punishment for violation of the statute, but was a precaution to prevent future violations of the law. It did not deprive inferior courts of jurisdiction to try offenders. The court said:

"It does not add to his punishment; it merely prevents future violations of the law. His conviction is merely evidence that he may again violate the law; and the bond is not required of him because of what he has done, but on account of what he may do in the future; and what he has done is evidence of his probable repetition of the offense."

Conceding arguendo that the right of one to operate a motor vehicle on the highways of the State is a valuable privilege, not to be denied without a cause, it is clear that a denial of that right for violation of Section 2739g-34a is for the protection of the public and is "preventive justice" in the same manner as is presented in the cases involving a bond to keep the peace. The license is not revoked by the inferior court, and conviction is merely "evidence of his probable repetition of the offense," upon which the Circuit Court can act. It follows that the judgment sustaining the demurrer to the answer and counterclaim was erroneous.

Judgment reversed.