## Commonwealth v. Harris.

May 5, 1939.

G. MURRAY SMITH for appellant.

H. O. PORTER for appellee.

OPINION OF THE COURT BY MORRIS. COMMISSIONER—Affirming.

Appellee was indicted by the Madison County grand jury on a charge of operating a motor vehicle in Richmond, while in an intoxicated condition. He filed special plea, asserting that he had been convicted in the police court of Richmond for the same offense charged, presenting to the circuit court evidence of such conviction and payment of a fine of $100. Criminal Code of Practice, Section 172.

Commonwealth's counsel demurred, thereby raising the question of law upon which he is now insisting, that the police court was without jurisdiction to try appellee. The court sustained appellee's plea, and we are urged to reverse the case and hold that because of lack of jurisdiction of the police court no jeopardy attached by reason of the trial therein.

Pertinent laws involved are Kentucky Statutes, Sections 1093, 3513, Section 143 of the Constitution, relating to jurisdiction, and Sections 2739g-34a and 2739g-34aa, 2739m-48 et seq., Baldwin's 1938 Supp. relating to the offense charged. A reading of same will demonstrate that the legislature intended to give circuit courts, and certain inferior courts, jurisdiction of the offense charged, to the extent of determining the guilt or innocence of the recalcitrant, and in case of guilt to assess the imposed penalty. When relative statutes are read together they clearly evidence a purpose to vest the circuit court and the Revenue Department with the power to mandatorily suspend the license of offending drivers. This suspension occurs when the authority is notified of a conviction for the offense, and the judgment is final. We need not set out the terms

and conditions of the various relative statutes, since they have been noted in the case infra.

The appellant in his brief challenges our opinion in Commonwealth v. Burnett, 274 Ky. 231, 118 S. W. (2d) 558, 559, in which we decided the question presented here, though as will be observed, being approached in a different manner, which works no difference in the consideration of the question or conclusion reached.

Counsel in brief admitting that the question here propounded was decided, argues that we erroneously held that a justice's court was vested with jurisdiction; that since the Burnett case was decided, the legislature has made some changes in the motor vehicle laws, particularly in Section 2739m-48. No other amendments are noted. The Burnett case was decided June 17, 1938. It is true that the particular section, supra, has been amended since the Burnett case. As it formerly read, it provided that any circuit court having jurisdiction of offenses under the motor vehicle laws, should certify conviction through the medium of the circuit clerk, to the Department, and provided that inferior courts may recommend to the circuit court the suspension of license.

As this section now reads, it provides that: "any court having jurisdiction over offenses committed," under any law regulating the operation of motor vehicles on the highways, shall report "the conviction, pleas or forfeiture of bond arising under" the motor law, to the State Highway Patrol.

This amendment in no wise alters or affects the question of jurisdiction of the offense. The purpose of the amendment was to carry information to officers charged with the duty of enforcing the laws of the highway, so as to more effectively carry out the provisions of Section 2739m-61, Baldwin's 1936 Kentucky Statutes, which visits a penalty upon one who operates an automobile during the suspension period. We are of the opinion that neither the amendment, supra, nor any other amendment subsequent to the Burnett case has any influence or effect upon the holding in that case, or the question of jurisdiction of the inferior courts to try the offender and assess the provided penalty.

It is argued that this court was in error in holding, as it did in the Burnett case, that the suspension of the license was no part of the penalty, and that there is no

analogy to the case of Commonwealth v. Lay, 176 Ky. 357, 195 S. W. 407, because of difference in the language, and a difference in the mechanical arrangement of the words used. What was said in the Burnett case on this point is sound. The distinction urged is not fortified by authority. If the section referred to, which fixes the penalty for "drunken driving" were the only section which we might consider, there might be more ground for argument, but in construing statutes we are to give effect, if it be possible to do so, to every word, clause and sentence of a statute. Hampton v. Com., 257 Ky. 626, 78 S. W. (2d) 748. The same rule applies in construing different relative statutes.

Our conclusion in the Burnett case [274 Ky. 231, 118 S. W. (2d) 560] that the suspension of a driving license "does not add to his punishment; it merely prevents future violations of the law" is correct, and finds basis in application of sound principles of law, where under the police power exercised by the commonwealth, safety of life and property is the end to be gained.

It should be remembered that the permit, or license, to operate a motor vehicle on the highway is issued on terms; the holder is warned that if he exercises the right while intoxicated, if proven guilty, must surrender his evidence of right to drive. Automobiles have frequently been classed as "instruments of potential danger," and most assuredly become actual dangerous instrumentalities when operated by one who is intoxicated. "The right to operate them in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety." Watson v. State Division of Motor Vehicles, 212 Col. 279, 298 P. 481, 482; U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385.

The revocation of a permit to operate a motor vehicle upon the highway deprives the holder of no guaranteed civil right. The permission may be a valuable one, yet it is no more nor less than a temporary right granted by the Commonwealth and its use and enjoyment depends always on compliance with the conditions prescribed, and it is therefore subject to such regulations and conditions as the granting power sees fit to impose. It has been said that even though a license to operate an automobile upon the highway was a right of property, (which it is not) it would still be held in sub-

ordination to such reasonable regulations as were clearly necessary to preserve the safety of the people. Commonwealth v. Funk, 323 Pa. 390, 186 A. 65. Statutes similar to ours in language, provisions and effect, have been upheld in many appellate courts in various states See State ex rel. Sullivan v. Price, 49 Ariz. 19, 63 P (2d) 653, 108, A. L. R. 1156, and cases cited and annotated therein and thereunder.

In Emmertson v. State Tax Commission, 93 Utah 219, 72 P. (2d) 467, 469, 113 A. L. R. 1176, wherein the plan of revocation was similar to ours, an offender was tried in the city court; (Salt Lake City) fined $100 for violation, and his conviction certified to the Tax Commission, which body revoked the permit. The offender complained that the judgment of conviction contained no requirement that his permit be revoked, hence revocation by the Commission was unauthorized. The Utah statute provided that upon conviction of driving an automobile, while the driver was intoxicated, besides inflicting a fine, should require the offender to surrender his license to the court, to be forwarded to the Tax Commission, which "shall forthwith revoke the license * * *."

The court said:

"The statute nowhere provides that the court as a part of its judgment, must revoke * * * the license of the person convicted. It simply provides that the court shall require the surrender of * * * licenses then held by the person convicted, and forward the same with the record of such conviction to the Tax Commission. * * * It is evident therefore that the revoking of the license is mandatory on the commission upon receipt of a record of the conviction, and is not founded upon any order or judgment of the court. The court may suspend execution of any judgment or sentence it imposes on one convicted, but the revocation of the license still takes effect. The court cannot suspend that result of conviction because it is no part of the court's judgment; it is a result imposed by law mandatorily."

While we are not prepared or called upon to agree with the court's holding that the revocation of a license would yet be effective, though the judgment of conviction be suspended, we cite the above as being consonant

with our holding that the mandatory suspension of the license is no part of the penalty. Nor a penalty additional to the judgment of conviction. It is merely the forfeiture of a conditional temporary permit, due to the failure of the licensee to observe certain conditions under which the license was issued. The Burnett case is conclusive of the question discussed.

The judgment is affirmed.