# Eagle et al. v. Burks.

April 29, 1947.

K. S. Alcorn, Judge.

Eldon S. Dummit, Attorney General, and Weldon Shouse, Assistant Attorney General, for appellant.

T. J. Underwood for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellee, a resident of Brooksville, Tennessee, a licensed dealer, had purchased 450 cases of beer from a brewery in Cincinnati, where the sale was legal. Some time in May 1946 the beer was being transported between the named points through Kentucky by means of a motor truck and trailer in charge of Burks' driver, Joe Franklin. At some point in Garrard County the truck broke down and Franklin secured one from another owner in order to continue his journey. Before doing so he was arrested and taken before appellant, Judge of the quarterly court.

It developed that Burks had not theretofore pro-

cured a $1 transportation permit. The court upon a plea of not guilty heard the case and was about to adjudge a fine, and to enter an order confiscating the tractor, trailer and beer, and vesting title in the Alcoholic Control Board. Before entry of judgment Burks obtained a temporary restraining order from the Judge of the circuit court, who on final hearing issued a writ permanently prohibiting appellant from proceeding in the matter, on the ground that the court was without jurisdiction.

The hearing was had on a stipulation which set forth facts substantially as above stated, with the agreement that the 450 cases of beer were of the value of $1,000, and the truck and trailer combined worth $2,000. This agreed total value presented to the court solely the question of the jurisdiction of the court to try the case, the solution turning mainly on the contention of appellee that the taking of property of the value stated and vesting title in the Control Board was as a matter of law part of the punishment. While appellee, to a considerable extent, briefs the case on merits, we shall as did the chancellor, confine our discussion to the one question.

It is appellant's contention that the forfeiture to be adjudged in case of a finding of guilt is provided for in Sec. 242.360, KRS, embraced in Ch. 242, KRS, which relates in part to violations of the local option law. This section provides that when a peace officer discovers any person in dry territory in the act of illegally possessing or transporting alcoholic beverages in any vehicle, the officer may arrest the person in charge and seize the property. Upon conviction the court shall order the property sold in the manner provided for sales under execution. KRS 242.330.

As to claimed jurisdiction of the inferior court, appellant directs us to KRS 242.990 (local option chapter) which provides that quarterly courts shall have jurisdiction concurrent with circuit courts of offenses committed under the "local option" chapter, where the fine does not exceed $100 or imprisonment not exceeding 60 days.

Under these provisions appellant contends that it was the intent of the Legislature that the quarterly court

should have jurisdiction of forfeitures of contraband seized under provisions of Ch. 243, KRS. But the case is presented to us in such a way as not to involve in its determination of any of the provisions of Ch. 242, KRS. The driver of the truck was arrested and found guilty of a violation of KRS 243.020, a part of the law relating to licenses to be issued to transporters, and not relating to violations of local option statutes. The petition charges that Franklin was transporting beer without having first procured a license from the Control Board, and this was the charge stated in the stipulation.

The record nowhere discloses, nor is there contention that there was a violation of any of the provisions of Ch. 242, KRS. The sole charge against the truck driver was transporting without permit. In order to apply any of the provisions of Ch. 242 to the driver it should have affirmatively appeared that the local option law was being violated. This is an essential corrollary to the rule announced in Stroud v. Commonwealth, 291 Ky. 588, 165 S. W. 2d 172, and it may be pointed out that this court does not take judicial knowledge that a county or district has adopted local option.

Since the offense charged was one embraced in the Alcoholic Control law, Ch. 243, KRS, we are to be governed by the chapter which requires a transporter's license before engaging in the act, and as we construe it Sec. 243.990 provides for a fine of from 100 to 500 dollars. However, 244.190, KRS, provides what appears to be additional penalty for a violation of 243.020. This section provides that certain officers named, may upon probable cause and without warrant "regardless of whether it is in dry territory or not," seize any contraband. Upon conviction of the defendant the court shall enter an order "vesting title to all the contraband property in the board." Sec. 244.180(3) and (7) classify the beverage and transporting vehicle "contraband."

Examination of Chapters 243 and 244, KRS fails to disclose any provision specifically or by implication vesting in the quarterly court jurisdiction concurrent with the circuit court to try the cases arising under either chapter, as does KRS 242.990, local option law. Therefore, we must determine the jurisdiction of the quarterly court from the general law as applied to the

facts. The general jurisdiction of quarterly courts in criminal cases is fixed by KRS 25.010, which, except as provided by KRS 242.990, etc., gives that court exclusive jurisdiction of penal and misdemeanor cases, where the fine does not exceed $20, and concurrent jurisdiction with circuit courts where the punishment is limited to a fine of not more than $500, or imprisonment for not more than 12 months, or both. Conceding for the purpose of argument that the Legislature may provide for the forfeiture which was about to be adjudged in the instant case, as is contended by appellant, with some expression of doubt as to whether the proceeding is civil or penal, it is hardly to be doubted that the action is of criminal nature. Section 244.190 makes it mandatory upon the court upon a finding of guilt to enter an order divesting the owner of title to the contraband property. This provision manifests the full and complete dependence of the forfeiture upon conviction of the offender, thus, as we view it, merging the forfeiture with the fixed penalty. If the proceeding be of civil nature the quarterly court would, in this case, be lacking in jurisdiction. KRS 25.410.

In Clark v. Commonwealth, 204 Ky. 740, 265 S. W. 280, we pointed out the distinction between a law providing forfeiture of contraband by a purely civil proceeding following a finding of guilt, and where the forfeiture followed as a necessary consequence of conviction. We said that if the law had provided that forfeiture should follow as a consequence upon a finding of guilt, the forfeiture would be a part of the penalty. The general rule is that where the proceeding relating to forfeiture does not involve the personal conviction of the offender, it is of civil nature. 30 Am. Jur. Int. Liquors, Sec. 571. It would seem contra, that where the forfeiture is mandatory upon conviction the proceeding falls in the criminal category.

A somewhat analogous case arose under the statute denouncing the offense of carrying a concealed weapon. Smiddy v. Commonwealth, 214 Ky. 100, 282 S. W. 774. The statute provided that upon conviction the offender should be disfranchised for two years. We held that although the fine was limited to $100 with imprisonment not to exceed 40 days, the disfranchisement was a part of the punishment, hence the offense was not triable in

the police court, because of lack of jurisdiction. We there pointed out the distinction in the Smiddy case, and the cases where the consequence of a violation of the automobile law directed a forfeiture of driving license for certain infractions, and reaffirmed the Smiddy case in Com. v. Burnett, 274 Ky. 231, 233, 118 S. W. 2d 558. See also King v. City of Pineville, 222 Ky. 73, 299 S. W. 1082. The latter cases are distinguishable; in these we rested our decision on the precautionary theory, but it is difficult to apply the same rule here, where the offender may suffer only a temporary financial loss, and who may at once resume operation by the procurement of more beverage, and other vehicles.

The chancellor in his opinion appears to have reached a correct conclusion when he wrote: "But in such a proceeding as we have here, personal guilt must first be determined; not only so, but before forfeiture the offender must be either the owner of, or the one using the property unlawfully with the owner's knowledge or consent. KRS 244.200. That provision shows, if anything further were needed in that respect, that the forfeiture incurred is punishment of the owner for violation of the law. * * * The fact that the State may proceed by civil action to forfeit the property, or may elect to accomplish forfeiture by civil action, or to elect to accomplish through conviction of the owner, shows that the purpose of making use of the latter procedure is to penalize the owner."

We are of the opinion that the chancellor was correct in holding the inferior court lacked jurisdiction. Judgment affirmed.