## MAY v. MOORE.

Court of Appeals of Kentucky.

May 30, 1952.

L. D. May, Pikeville, for appellant.

Dan Jack Combs, Pikeville, for appellee.

MILLIKEN, Justice.

This is an original action brought in this court by L. D. May, County Attorney of Pike County, in which it is requested that a writ of prohibition be issued against the respondent, B. E. Moore, a justice of the peace in Pike County, prohibiting him from returning an automobile driver's license to George Worrix, Jr., who had been convicted in the justice's court of driving an automobile on a public highway while under the influence of intoxicating liquor and had been fined $100 therefor. Upon learning that he would lose his driver's license, Worrix promptly appealed his conviction—he had pleaded guilty in the justice's court—to the Pike Circuit Court and had given bond to suspend the judgment. In conformity with KRS 186.550 and 186.560, Mr. Moore had taken up Worrix' driver's license for delivery to the Department of Revenue, but, upon Worrix' appeal of his conviction and making of bond suspending the judgment, Mr. Moore issued an order to return the license to Worrix.

It is the contention of the County Attorney that Mr. Moore had no legal discretion in this matter—that KRS 186.550 and 186.560 made it mandatory for him to take up Worrix' license and return it to the Department of Revenue. KRS 186.550(2) declares: "The court shall take up the motor vehicle operator's license certificate of a person convicted of any of the offenses for which mandatory revocation is provided by KRS 186.560 and have it immediately forwarded to the department with the report covering the conviction." KRS 186.560 directs the department to revoke the license of any one convicted of the offense for which Worrix was charged and convicted.

In Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579, we held that the right to operate an automobile on a public highway was a privilege subject to reasonable regulation, and that revocation of it denied the holder of the privilege no guaranteed civil rights. In the opinion in the Harris case, we affirmed Commonwealth v. Burnett, 274 Ky. 231, 118 S.W.2d 558, 560, wherein we had held that the suspension of the driver's license was no part of the penalty, and that suspension of the license " 'does not add to his punishment; it merely prevents future violations of the law * * *.' " As a consequence, the supersedeas bond given by Worrix in the Circuit Court does not stay the taking up of his license by the respondent. See Rodes v. Gilliam, 197 Ky. 123, 245 S.W. 897.

The writ of prohibition is granted, and the respondent is directed to not return the license to Worrix, but to take it up and immediately forward it to the department.