**COMMONWEALTH ex rel. ALLPHIN v. STUMBO.**

Court of Appeals of Kentucky.

June 5, 1953.

J. D. Buckman, Jr., Atty. Gen., Hal Williams, Asst. Atty. Gen., and George Akin, Asst. Atty. Gen., for petitioner.

No appearance for respondent.

WADDILL, Commissioner.

This case is before us on petitioner's motion to make permanent a temporary writ of prohibition heretofore issued by this Court. The purpose of this action is to prevent the respondent Judge from further proceeding in a suit filed in the Floyd County Quarterly Court by Joe I. May in which Mr. May seeks restoration of his motor vehicle operator's license.

Mr. May's automobile operator's license was revoked by the Department of Revenue for a period of one year following his second conviction of operating an automobile on a public highway while under the influence of intoxicating liquor. KRS 186.560(4). Mr. May now seeks the return of his license, but refuses to furnish the Department of Revenue with proof of his financial responsibility, as required by KRS 187.450(1)–(2). He attempts to circumvent the provision of this statute by the action he filed in the Floyd County Quarterly Court.

In Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579, we held that the right to operate an automobile on a public highway is a privilege subject to reasonable regulation, and that revocation of it denies the holder of the privilege no guaranteed right. And in Ballow v. Reeves, Ky., 238 S.W.2d 141, we upheld the constitutionality of KRS 187.330, which provides that the Department of Revenue may require proof of financial responsibility as a condition to the right of operating a motor vehicle.

Therefore, we conclude that the action of the Department of Revenue in refusing the issuance of an automobile operator's license to Mr. May was proper in view of his refusal to comply with the law. KRS 187.-450.

Petitioner contends that the Quarterly Court is without jurisdiction to entertain an action for restoration of an operator's license when the revocation was made under the mandatory provisions of the financial responsibility law. KRS 186.580(2); also see, May v. Moore, Ky., 249 S.W.2d 518. We find this contention to be meritorious. Under KRS 186.580(2) the Quarterly Court's jurisdiction is limited to cases of discretionary suspensions of licenses. In all other cases of suspensions or revocations of licenses the circuit court is the forum in which the aggrieved party must institute his action against the Department for relief. KRS 187.300(3).

Wherefore, the motion to make permanent the temporary writ of prohibition heretofore issued by this Court is sustained and the temporary writ is hereby made permanent prohibiting the respondent, Henry Stumbo, Judge of the Quarterly Court of Floyd County from proceeding further in the case of Joe I. May v. Department of Revenue, et al.