Herbert WELLS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1959.

W. A. Johnson, Paintsville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Herbert Wells, a justice of the peace of Johnson County, was charged in an indictment with a willful failure and neglect to perform his duty as such. He was convicted and fined $100. In addition, his office of justice of the peace was declared vacant. KRS 61.170 and Criminal Code of Practice, Section 292.

The indictment charged:

"The said defendant Herbert Wells on the 27th day of August, 1958, * * * the qualified Deputy Sheriff, peace officer in and for the County of Johnson and state of Kentucky, called on the said defendant, Herbert Wells at his home or premises to prepare and accept a statement under oath and warrant for A. J. Starr for the purpose to search his home or premises for whiskey, and the said Herbert Wells refused to accept such statements from said officer, and the said defendant Herbert Wells then and there unlawfully and wilfully failed and neglected to perform his official duty as an officer."

Only one of the grounds urged for reversal will be considered. Appellant insists that the evidence is insufficient to sustain a conviction.

About midnight, several deputy sheriffs, including Millard Meek and Menifee Napier, called appellant from his house. Appellant was asked to prepare an affidavit and warrant for the search of the residence of one A. J. Starr, whom they suspected of having illegally in possession intoxicating liquors. According to the testimony, various reasons were assigned why appellant did not honor the request, none of which is material.

The method of obtaining a search warrant for a violation of Chapter 242, Kentucky Revised Statutes, dealing with violations of the local option law, is set forth in KRS 242.370 as follows:

"Search and seizure.

"(1) When an officer or any reputable citizen files an affidavit with any circuit judge, county judge, police judge or justice of the peace, describing premises or a vehicle, where alcoholic beverages are sold, disposed of or possessed in violation of this chapter, the judge or justice shall by his warrant cause the premises or vehicle to be searched for the detection of any alcoholic beverages which are possessed, or kept for disposition, in violation of this chapter."

An affidavit is a written declaration or statement made under oath. CR 43.13. Blackburn v. Commonwealth, 202 Ky. 751, 261 S.W. 277. No search warrant shall

issue unless supported by oath or affirmation. Kentucky Constitution, Section 10. A justice of the peace is without power to issue a search warrant except upon the affidavit of some other person. Osborne v. Commonwealth, 214 Ky. 84, 282 S.W. 762.

KRS 242.370 makes it the duty of the justice of the peace to file the affidavit when presented. The evidence here shows that no affidavit was presented to the appellant to be filed. All of the evidence shows that the complaining officers wanted appellant to prepare the affidavit for the search warrant, which the statute does not require him to do. The justice of the peace's duty begins with the filing of the affidavit. The evidence is insufficient to sustain the conviction because the statute does not make it the duty of the justice of the peace to do the act charged in the indictment as a willful neglect of his official duty.

The motion for an appeal is sustained and the judgment is reversed.