COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Petitioner,

v.

Charles R. RICHARDSON, Judge, Hart Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 14, 1971.

Mary Jo Arterberry, Dept. of Public Safety, Frankfort, for petitioner.

DENYING ORDER OF PROHIBITION

CLAY, Commissioner.

This is an original proceeding by the Department of Public Safety requesting this court to prohibit the respondent judge from attempting to stay the action of the Department in suspending the operator's license of Earl Thomas Hodges.

It appears that on February 2, 1971, the Department received an abstract of a court order of the police judge of Muldraugh, Kentucky, (apparently submitted under KRS 186.550) showing that Hodges had been convicted of the offense of operating a motor vehicle while under the influence of intoxicating beverages. Pursuant to KRS 186.560, Hodges' license was revoked for a period of six months and notice of such action was mailed to Hodges. On March 5, Hodges filed a suit against the Department in respondent's circuit court and sought, and obtained, a stay of the Department's order of revocation pending final determination of the merits of that suit. Hodges' complaint in that suit alleged that he "has not been guilty of driving under the influence of intoxicants and that, to his knowledge, he has not been convicted of same".

It is the Department's position that respondent had no jurisdiction of the subject matter in the suit brought against it by Hodges and that prohibition afforded it the only appropriate relief. It is asserted that Hodges and respondent judge are purporting to proceed under KRS 186.580 (as amended in 1970) and that such statute does not authorize this procedure when an operator's license has been revoked or suspended for a *mandatory* cause prescribed in KRS 186.560. The Department's position is correct insofar as that statute is involved. See Commonwealth, Department of Public Safety v. Cox, Judge, Ky., 467 S.W.2d 603. However, the fact that the statute does not authorize a judicial proceeding does not necessarily deny a person in the position of Hodges the right to judi-

cial relief. Even in the absence of statutory authorization, courts will assume jurisdiction to judicially review administrative action on the ground that such action constitutes the exercise of arbitrary power. American Beauty Homes Corp. v. Louisville, Etc., Ky., 379 S.W.2d 450 (1964) (and cases cited therein).

The revocation or suspension of Hodges' operator's license was based upon an alleged conviction. Hodges denies such conviction exists. He is entitled to a judicial determination of this crucial issue. Respondent judge had jurisdiction to entertain Hodges' suit and, of course, had ancillary power to suspend the effectiveness of the Department's order until the case was decided on its merits. In Commonwealth, Department of Public Safety v. Cox, Judge, Ky., 467 S.W.2d 603, we recognized that the circuit court to which an appeal is taken from an inferior-court conviction also has jurisdiction to enter an order similar to the one entered by respondent, but such judicial relief is not exclusive.

Prohibition is denied.

All concur.