COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Petitioner,

v.

Henry C. COX, Judge, Lincoln Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 14, 1971.

Mary Jo Arterberry, Dept. of Public Safety, Frankfort, for petitioner.

CLAY, Commissioner.

This is an original proceeding for a writ of prohibition against the respondent circuit judge. Some question has been raised as to whether the proceeding is now moot, but we deem it appropriate to consider the merits of the controversy. The problem before us is a recurring one which arises because of difficulties encountered in the administration of the law relating to the revocation or suspension of drivers' licenses by the Department of Public Safety.

In the present case Earl Satterly was convicted in the Stanford Police court of operating a motor vehicle while under the influence of intoxicants. The judge of that court apparently did not comply with KRS 186.550, which requires him to report the conviction within 15 days and to take up the operator's license certificate. Sometime later the Department received a court abstract which advised of this conviction, and it thereupon sent a revocation notice to Satterly. In the meantime, however, Satterly had appealed his conviction to the Lincoln Circuit Court. When such an appeal is properly taken under RCr 12.-02, the clerk of the circuit court is required to issue an order to the judge rendering the judgment to stay proceedings thereon, and under RCr 12.06 the criminal charge is tried de novo in the circuit court. It is thus apparent that upon the taking of a proper appeal the judgment of conviction is no longer effective and could not constitute a valid basis for the suspension of a driver's license.

The statutes do not prescribe any avenue of relief for the automobile driver nor do they direct what administrative action should be taken under such circumstances. The charge of which Satterly was convicted requires *mandatory* revocation (actually six-months' suspension) of the operator's license. Under KRS 186.560, if the suspension is a *discretionary* one, KRS 186.-580 (as amended in 1970) prescribes a method of appeal procedure, but, under the terms of that statute, this may not be invoked by the licensee when the revocation or suspension is mandatory.

The Department contends that the circuit court to which an appeal has been taken is without jurisdiction to stay the en-

forcement of revocation or suspension. Its position is that the Department is not a party to the criminal prosecution and that the license suspension proceeding is separate and apart from the criminal proceeding, citing Commonwealth v. Burnett, 274 Ky. 231, 118 S.W.2d 558 (1938); Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579 (1939); May v. Moore, Ky., 249 S.W. 2d 518 (1952); Commonwealth, Dept. of Public Safety v. Palmisano, Ky., 444 S.W. 2d 128 (1969). However, it is obvious that a conviction such as we have in this case is the only basis upon which a valid suspension could rest. Certainly somewhere, somehow the automobile driver is entitled to the protection of his rights pending the appeal of his conviction. For practical purposes, the circuit court to which the appeal is taken would appear an appropriate one to grant this relief. That court is simply enforcing the mandate of RCr 12.02. Both proceedings are by the Commonwealth against the automobile driver, and we are of the opinion that the court to which a criminal appeal is taken has jurisdiction to protect the driver from the penalizing order which should no longer be effective even though it is not a criminal penalty. To the extent that May v. Moore, Ky., 249 S.W.2d 518 (1952), is inconsistent with such conclusion, it is overruled.

From a consideration of this and other similar cases, we are inclined to suggest that perhaps the Department could avoid some of the difficulties it has encountered because of apparent inadequacy in certain statutorily prescribed procedures by revising its administrative procedures. After all, the motorist, as well as the public, is entitled to the protection of his rights.

The order of prohibition is denied.

All concur.