### VIRGINIA COLLINS COAL COMPANY et al., Appellants,
### v.
### C. B. BYRGE, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1960.

Hoover Haynes, Hazard, for appellants.

Calvin N. Manis, Hazard, for appellee.

STEWART, Judge.

C. B. Byrge was awarded the sum of $500 against Virginia Collins Coal Company, Co-Dee Coal Company and Flame Coal Company, three corporations, herein referred to as the "corporations"; and Virginia Collins, who was permitted without objection to intervene in the action against the corporations and set up her personal claim against Byrge for damages based upon the tort hereinafter described, was denied any relief. The corporations move for an appeal from the judgment entered. Virginia Collins appeals as a matter of right.

Appellee's complaint alleged in substance that each of the corporations, by and through their agent, Virginia Collins, hired him to perform certain work; that he fully carried out the terms and conditions of his employment; and that these corporations were therefore indebted to him in the sum of $750. He further averred these three corporations owed him $150 for certain goods sold and delivered to them. Their answer consisted of a denial and a counterclaim. In respect to the latter, they sought a recovery of $720.50 from appellee. The jury found against their counterclaim and in favor of appellee's claim to the extent of $500, as noted above.

The sole ground advanced for setting aside the award of $500 to appellee is that the evidence failed to establish that Virginia Collins was acting as the agent of any of the corporations at the time she employed him. It is our view this contention is untenable in the face of the proof presented.

The record discloses that Virginia Collins is the owner of a majority of the stock of each of the corporations, and the evidence shows that she has treated these corporations at all times as if she solely owned them. It was established without contradiction that she makes all decisions as to the hiring and firing of the labor in their

employ, as to the sale of the coal produced by them, and as to the leasing out of their lands and other properties. Furthermore, Virginia Collins signed all checks that were given to appellee in payment for his past services and these checks were variously drawn on the three different corporations.

■ We conclude the evidence adequately supports the jury's finding that Virginia Collins had the authority to employ appellee in behalf of the corporations. As a consequence that portion of the judgment awarding him $500 should stand.

We now turn our attention to the second ground urged for reversal. This phase of the case concerns a claim filed by Virginia Collins against appellee, after her motion to intervene in the foregoing action was upheld by the lower court. In this pleading she asked that she be allowed to recover $3,500 from appellee as damages for assault and battery, alleging therein that appellee hit her on the head with his fists.

■ We do not believe Virginia Collins' tort claim wherein she sought damages in her behalf in the lower court against appellee was properly joined with the action of appellee in which he asked for a recovery from the corporations based upon an alleged agreement. See Clay, CR 18.01, comment 5, pp. 218–219. Still, since there was no objection in circuit court to this character of proceeding in this action, it cannot be disturbed on this appeal.

■ That Virginia Collins made out a case of assault and battery against appellee cannot be doubted. She proved he hit her on the head, causing her glasses to fall off and break. She did not suffer such physical harm as necessitated medical attention; but this occurrence took place in the presence of several persons and she said it caused her much humiliation. Duff Arnett, a prominent attorney in Hazard, testified appellee told him he struck Virginia Collins on the occasion in question. At the trial appellee did not deny the incident; nor did he offer any rebutting evidence.

At the conclusion of all the testimony, a motion for a directed verdict was made by Virginia Collins on behalf of her claim on the ground that no proof was submitted to refute the testimony that an assault had been committed upon her person. The motion was overruled.

■ Where the facts of a case are undisputed, and but one legitimate inference can be drawn from them, the court, and not the jury, should determine their effect. See Droppelman v. Willingham, 293 Ky. 614, 169 S.W.2d 811, and Rammage v. Kendall, et al., 168 Ky. 26, 181 S.W. 631, L.R.A.1916C, 1295. It follows the lower court should have directed a verdict for Virginia Collins on her intervening claim and then submitted to the jury the question of the amount of damages to be allowed her.

Wherefore, the motion of the corporations for an appeal is overruled and the judgment is reversed only as to that portion which found against Virginia Collins on her personal claim, and this branch of the case is remanded for a determination of what damages, if any, resulted to her from the assault and battery.