**H. R. JOHNSON, Appellant,**

**v.**

**Hobart TUCKER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

Russell Vanover, Henry D. Stratton, Pikeville, for appellant.

L. D. May, Pikeville, for appellees.

PALMORE, Judge.

The appellant, Johnson, sued Hobart and Truman Tucker, brothers, for assault and battery. At the conclusion of the plaintiff's evidence the trial court sustained Hobart's motion for a peremptory. At the close of all the evidence the jury returned a verdict in favor of Truman, the remaining defendant. Johnson appeals, claiming that the trial court erred first in letting Hobart out and then in submitting the case under instructions permitting the jury to find Truman not liable.

It was proved that the grand jury had indicted Hobart and Truman jointly for assault and battery and that they entered a plea of guilty and were fined $100 and costs. On the theory that it is an admission against interest, a plea of guilty to a criminal charge is competent evidence in a civil case involving the same occurrence, but it is not conclusive and may be explained. Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626, 628 (1947).

Hobart did not testify. Truman explained that he thought it was better to plead guilty to the criminal charge than to keep running to court about it, so he "just went ahead and paid it." The evidence bearing directly on the incident of the assault, including Johnson's own testimony, showed that Hobart did not take part in it. Indeed, there was no proof that he was even on the scene when the fight started, and Johnson did not discover his presence nearby until afterward. Notwithstanding the guilty plea in the criminal case, it is our opinion that on the whole case the evidence was not sufficient to authorize a verdict against him, and he was entitled to the directed verdict.

Truman's only defense was that Johnson called him a son-of-a-bitch. He admitted the assault. Hence he was liable as a matter of law, and the instructions should have submitted only the question of damages. Virginia Collins Coal Company v. Byrge, Ky., 340 S.W.2d 464, 466 (1960). "Opprobrious words or epithets do not justify an assault, but are competent in evidence in mitigation of punitive damages." Lambert v. Corbin, 194 Ky. 373, 239 S.W. 453, 455 (1922); Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642, 647 (1919).

To the extent that it dismisses the complaint against the appellee Hobart Tucker the judgment is affirmed; insofar as it dismisses the claim against the appellee Truman Tucker it is reversed for a new trial confined to issues pertinent to the assessment of damages.