COMMONWEALTH of Kentucky DEPART-MENT OF PUBLIC SAFETY, Appellant,

v.

Walter Kyle GLASSCOCK, Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1966.

Rehearing Denied June 16, 1967.

Robert Matthews, Atty. Gen., William G. Mullins, Frankfort, Dept. of Public Safety, for appellant.

Allen K. Gailor, Louisville, for appellee.

DAVIS, Commissioner.

The Department of Public Safety appeals from a judgment setting aside the Department's suspension of appellee's operator's license. To support its appeal the Department asserts (1) that the judgment setting aside the suspension was void because the court lacked jurisdiction, (2) the appellee's proceedings were a void collateral attack upon another court's judgment, and (3) the scope of judicial review was exceeded anyway.

By notice dated May 20, 1965, the Department informed appellee that his driving record reflected an accumulation of 12 "points" within a three-year period, and that by reason thereof appellee's operator's license was suspended for one year. The Department's action was pursuant to the authority afforded it by KRS 186.570(d), as implemented by regulations duly pro-

mulgated by the Department and identified as PSfty-DI-5-1, PSfty-DI-9 and PSfty-DI-10.

Appellee's attorney advised the Department by letter dated June 14, 1965, that appellee was "aggravated" by the Department's ruling but did not inform the Department of any ground for his grievance. On June 16, 1965, appellee filed a petition in the Jefferson Quarterly Court seeking relief from the Department's order suspending the operator's license. KRS 186.580(2). It is appellant's contention that the quarterly court acquired no jurisdiction because the appellee was untimely in prosecuting his appeal there. The basis of this contention is the language of KRS 186.580(2), which we quote:

> "Any person aggrieved by any ruling of the department relating to the denial, revocation, suspension or cancellation of an operator's license, or any other safety provision of KRS 186.400 to 186.640, other than orders of revocation or suspension when the facts render revocation or suspension mandatory, shall advise the department of his grievance, stating the grounds for it. In not less than fifteen, nor more than thirty days, the aggrieved party may petition the quarterly court of the county in which he resides, for relief. The quarterly court may grant adequate relief. A copy of the petition shall be filed with the department."

It is observed that the statute directs that the appeal to the quarterly court be filed "(I)n not less than fifteen nor more than thirty days * * *." The difficulty is that the statute is vague in fixing the event from which the computation of time is to be made. Appellant insists that it means not less than fifteen nor more than thirty days after the licensee reports his grievance to the Department. The appellee contends that it means not less than fifteen nor more than thirty days after the Department's order of suspension. We think the appellee's position on this point is the proper one. To accept the view of appellant would put it within the means of the licensee to postpone transmitting the letter to the Department, at his own pleasure, and thereby fix the appeal time at any period he fancied. We are unable to so construe the statute. In this state of case, the appeal to the quarterly court was timely. In this connection, we feel that the failure of appellee to state his grounds for grievance may not be said to be fatal. Stating the grounds for grievance is merely a directive feature of the statute.

The Department suspended appellee's license on the basis of his having accumulated twelve "points" within three years. This was in accord with KRS 186.570(d) and PSfty regulations numbered DI-5-1, DI-9, and DI-10. The points were amassed as the result of a speeding conviction (three points), a second speeding conviction (six points) and the payment of a fine by appellee on a charge of failure to yield the right of way (three points). A chief point relied upon by appellee (and apparently accepted by the courts below) is that the third violation, for which the fine was paid, was not as the result of a *conviction* by any court. Both litigants call attention to Sturgill v. Beard, Ky., 303 S.W.2d 908, in which this court sustained the validity of the "point system" as a basis for suspension of an operator's license. In this regard, appellee points to the reference in that opinion to the "safeguards" against denial of due process. One of the "safeguards" mentioned in the Sturgill opinion is that the license may not be suspended except for "points" assessed pursuant to *convictions* of certain named moving traffic violations. See 303 S.W.2d at page 910.

Appellee was never "convicted" of the third violation. He was cited by a Louisville police officer, and availed himself of a convenience afforded by a Louisville ordinance by remitting the fine prescribed through the traffic bureau. In availing himself of the procedure, appellee subscribed a form whereby he entered a

plea of "guilty" to the traffic citation, waived a hearing, and designated as attorney in fact a member of the traffic bureau with authority to enter appellee's appearance and the guilty plea. Appellee contends that his use of this convenience and payment of a prescribed fine was not equatable with a "conviction." In support of that argument he calls attention to Duncan v. Brothers, Ky., 344 S.W.2d 398; KRS 372.140; Levin v. Carpenter, Mo., 332 S.W.2d 862, 79 A.L.R.2d 859; and Commonwealth v. Reynolds, Ky., 365 S.W.2d 853. Without so deciding, we may concede for purposes of this opinion, that there was no "conviction" of appellee incident to his payment of a fine at the traffic bureau. The question remains whether that is dispositive. We do not believe that a "conviction" is required as a condition precedent to the Department's assessing "points."

By its regulation PSfty-DI-4, effective July 6, 1957, the Department has specifically declared that use of the "convenience" fine-paying procedure, as was done here, is to be regarded as a "conviction" insofar as it relates to whether the operator may be considered a "reckless" one. The regulation is thus worded:

"(1) Any person who has availed himself of the privilege and option of waiving a hearing on a charge of violation of the traffic laws and paying the minimum fine at Police Headquarters, as is permitted in certain ordinances such as Section 18–12(g), General Ordinances of the City of Louisville or any other similar ordinances, shall be considered by the Department of Public Safety to have been convicted of that charge within the meaning of Regulations PSfty-DI-1, 2 and 3 to the same extent as if he had appeared in court in person and entered his plea of guilty, and such persons shall be assessed the number of points provided in Regulations PSfty-DI-2 for each such violation." KARs, PSfty-D-4.

It will be observed that KRS 186.570, relating to discretionary suspension of an operator's license, does not make the operator's "conviction" a condition precedent to disciplinary action. On the contrary, the statute specifically provides that the license may be suspended " * * * with or without [a] hearing, and with or without receiving a record of conviction of that person of a crime, whenever the department has reason to believe that: * * * (d) That person is an habitually reckless or negligent driver of a motor vehicle or has committed a serious violation of the motor vehicle laws." It is our view that the use of the term "conviction" in Sturgill v. Beard, supra, was dictum; in any event we are not persuaded that a "conviction" is required.

It is because of the broad discretion that is vested in the Department that the appeal procedure is prescribed in KRS 186.580. When the appeal procedure is followed the resulting litigation between the Department and the aggrieved operator is civil in nature. In such circumstances the principle enunciated in Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626, 628, and recently reiterated in Johnson v. Tucker, Ky., 383 S.W.2d 325, 326, is applicable. The substance of that principle is: "On the theory that it is an admission against interest, a plea of guilty to a criminal charge is competent evidence in a civil case involving the same occurrence, but it is not conclusive and may be explained." Ibid. 383 S.W.2d at page 326.

The record before us contains no part of the quarterly court proceedings except the judgment of that court; the record of the circuit court's handling of the appeal contains the judgment of the circuit court. Each of the judgments recites that evidence was heard. The evidence is not in the record before us. We must assume, therefore, that the evidence heard was sufficient to sustain the judgments of the courts. Travelers Indemnity Co. v. Patrick, Ky., 386 S.W.2d 256.

██ What we have said disposes of appellant's contentions that the proceeding constituted an indirect attack upon the police court judgment (fining appellee on the last charge), as well as the claim that the scope of judicial review was misconceived. The basic scope of the judicial review is concerned with the question of arbitrariness. American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450, 456.

The judgment is affirmed.