**COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Hall McCUISTON, Judge of the Calloway Quarterly Court, Appellee.**

Court of Appeals of Kentucky.

May 3, 1968.

Rehearing Denied Oct. 11, 1968.

Mary Jo Arterberry, Atty., Dept. of Public Safety, Frankfort, for appellant.

George E. Overbey, Overbey & Overbey, Murray, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the Calloway Circuit Court denying a petition for a writ of prohibition against the judge of the Calloway Quarterly Court. No brief has been filed on behalf of the appellee.

It appears that on or about July 18, 1967, the appellant Department of Public Safety suspended the driver's license of one William Bogard because of the accumulation of 12 points for traffic violations. On August 18, 1967, Bogard filed an "Appeal" from this ruling in the Calloway Quarterly

Court, and mailed a copy of the petition to the department. On August 28, the department filed a motion to dismiss in that proceeding on the ground that the appeal had been filed one day late. This motion was never passed on, and on August 31, the judge of the Calloway Quarterly Court issued an order restraining any member of the state police from picking up Bogard's operator's license until further ruling.

On September 13, the department filed a petition for a writ of prohibition in the Calloway Circuit Court, alleging that the appeal in the quarterly court was not properly prosecuted because no summons was issued thereon under CR 3 and 4.04(6), and because the appeal had not been filed within the time limits of KRS 186.580. It was also alleged that the quarterly court had no authority to issue an injunction, that the court was proceeding outside its jurisdiction, and there was no adequate remedy by appeal.

The circuit court "over-ruled" the department's petition, but provided in the order that Bogard's driver's license be surrendered to the judge of the Calloway Quarterly Court for limited use by Bogard.

The questions presented by appellant arise under a statute prescribing procedure for obtaining relief from action taken by the Department of Public Safety such as we have in this case. It is KRS 186.580, and in pertinent part provides:

"(2) Any person aggrieved by any ruling of the department relating to the denial, revocation, suspension or cancellation of an operator's license, or any other safety provision of KRS 186.400 to 186.640, other than orders for revocation or suspension when the facts render revocation or suspension mandatory, *shall advise the department of his grievance, stating the grounds for it. In not less than fifteen nor more than thirty days,* the aggrieved party may petition the quarterly court of the county in which he resides, for relief. The quarterly

court may grant adequate relief. A copy of the petition shall be filed with the department." (Emphasis added.)

Without passing upon the many procedural questions raised by appellant, we are of the opinion the Calloway Quarterly Court lacked jurisdiction to entertain Bogard's "Appeal" because he failed to invoke the administrative remedy prescribed by the statute.

■ The first step by which an aggrieved person may seek relief from such an order of the Department of Public Safety is that he "shall advise the department of his grievance, stating the grounds for it". That this is a condition precedent to petitioning the quarterly court for relief is obvious when we consider the following sentence which provides: "In not less than fifteen nor more than thirty days," the aggrieved party may proceed in the quarterly court. Clearly the prohibition against proceeding in less than 15 days is to give the Department of Public Safety time within which to pass upon the grievance. As we read the statute, the aggrieved party is not limited with respect to the time when he may present his grievance to the department. The 30 day appeal time would begin to run from the date he mails, or if he does not use the mail, when he files his grievance with the department.

■ Such construction of the statute is confirmed upon examination of the Kentucky Acts. This type of appeal procedure first appeared in chapter 110, section 12 of the Acts of 1938, and again appeared in chapter 114, section 20 of the 1940 Acts. Those laws contained a significant word omitted from the revised statute above quoted. The word was "thereafter", which followed the words "thirty days". In changing the sentence structure, the Reviser of Statutes apparently considered the word "thereafter" as surplusage and it was omitted. However, in the original language of the law, it was clear the 30 day appeal time did not begin to run until "thereafter" the department was advised of the grievance.

Our present view is contrary to the one expressed in Commonwealth, Department of Public Safety v. Glasscock, Ky., 415 S. W.2d 106. Therein we said that the appeal time ran from the date of the department's order. Our reasoning was that otherwise the aggrieved party could at his own pleasure fix the beginning of the appeal time. We do not now consider this a valid objection. It is the aggrieved party who suffers by any delay. His operator's license has been denied, revoked, suspended or cancelled and he can only obtain relief from such an order by taking the steps prescribed by the statute above quoted in the proper sequence.

▮ The statutory scheme contemplates that the aggrieved party will first apply to the department to obtain relief from its order. If this is unavailing or the department fails to act within 15 days, he then has 15 more days within which to petition the quarterly court for relief. To the extent Commonwealth, Department of Public Safety v. Glasscock expresses a contrary view, it is overruled.

▮ In that case we also held that the aggrieved party was not required to state the grounds for his grievance when advising the department. We do not know how an aggrieved party could advise the department of his grievance without stating the nature of it, which would include the grounds on which he sought relief. We think notification to the department of a grievance should be something more than a procedural step to start the running of the appeal time. We are now, of the opinion that a proper notification to the department of a grievance should conform to what the statute requires, and to this extent also the Glasscock decision is overruled.

▮ Bogard's "Appeal" filed in the Calloway Quarterly Court does not state that the department at any time was advised of his grievance. Having failed to invoke this specific administrative remedy, he could not properly assert a right to relief in the quarterly court. See 2 Am.Jur. 2d, Administrative Law, section 595 (page 426); Tharp v. Louisville & N. R. Co., 307 Ky. 322, 210 S.W.2d 954. That court lacked jurisdiction to entertain the appeal or to enter any orders, and in our opinion the circuit court from which this appeal is taken should have prohibited the appellee from proceeding or entering any orders on Bogard's "Appeal".

The judgment is reversed, with directions to grant appellant relief consistent with this opinion.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.