**COMMONWEALTH of Kentucky, DEPART-MENT OF PUBLIC SAFETY, Appellant,**

v.

**Anthony PALMISANO, Appellee.**

Court of Appeals of Kentucky.
May 16, 1969.

Rehearing Denied Sept. 19, 1969.

Mary Jo Arterberry, Atty., Dept. of Public Safety, Division of Driver Licensing, Frankfort, for appellant.

Hugo Taustine, Edward M. Post, Jerome D. Berman, Taustine, Post, Berman, Fineman & Kohn, Louisville, for appellee.

MONTGOMERY, Chief Justice.

This is an appeal from a judgment which upheld a quarterly court judgment rescinding the suspension of Anthony Palmisano's operator's license. On December 1, 1967, appellee received a citation for speeding. The description of the offense was "61 MPH in 35 zone (RADAR)". Beneath this, the citation read:

> "THIS WAIVER MUST BE SIGNED BEFORE PAYMENT CAN BE ACCEPTED:
>
> "I hereby plead guilty to the charge herein, waive a hearing in court and give power of attorney to the person in charge of the traffic division to make such plea and pay such fine in court."

Underneath was signed, "A. Palmisano".

The appearance date on the citation was December 19, 1967. On December 16, 1967, appellee mailed the citation with a check for $15 in payment of the fine. By letter dated January 25, 1968, the Department of Public Safety notified appellee that his license was suspended for 90 days. The Department's action was based on a notice of conviction forwarded by the Louisville Police Court.

By appropriate action pursuant to KRS 186.580, the matter of rescinding the suspension was presented to the quarterly and circuit courts, both of which decided in favor of appellee. Several grounds were urged for rescinding the suspension. It is unnecessary to consider all of them.

Appellee contends that the action of the Department in suspending his license after the time to appeal from the police court's conviction had expired was arbitrary and unreasonable and a violation of due process. The suspension of an operator's license is no part of the penalty and the suspension proceeding is separate from

the criminal processes culminating in a conviction. May v. Moore, Ky., 249 S.W.2d 518, and cases cited therein. The grievance proceeding to rescind the suspension under KRS 186.580 is civil in nature. Commonwealth, Department of Public Safety v. Glasscock, Ky., 415 S.W.2d 106. See Commonwealth, Department of Public Safety v. McCuiston, Ky., 431 S.W.2d 724, for time of filing and grounds of grievance. There is no merit in this contention of appellee's because the two procedures are different in nature and are independent of each other.

The suspension was based on a regulation of the Department of Public Safety, No. DI-10, which provides various grounds for automatic suspension for 90 days. One of the grounds is speeding at 26 miles per hour over the speed limit. As a safeguard against arbitrary and unreasonable action by the Department and as a protection to the motor vehicle operator, KRS 186.580 provides the appeal procedure here utilized.

In the circuit court appellee's testimony was to the effect that he had to be out of town on the date of his appearance under the citation, that for this reason he signed the citation and forwarded his check, and that he did not know that 26 miles per hour over the speed limit was a ground for suspension.

He explained signing of the citation and forwarding the check by saying that he knew he had exceeded the speed limit, that he did this to obviate the necessity of employing counsel or taking the time to attend court, and that he would have contested the matter had he known of the suspension regulation.

He further testified that on the occasion of his citation he had been traveling with the other traffic on Zorn Avenue at a speed not exceeding 45 to 50 miles per hour, that his car was easy to identify, that all traffic near this point regularly travels at such speed, and that he was picked up as he changed lanes to turn at an intersection. Zorn Avenue at and near this point was composed of four lanes, with a median strip.

 The proof for the Department consisted of copies of the citation, abstract of the quarterly court record, etc. No one testified for the Department concerning the speed at which appellee had been traveling. The admission of the signed citation was an admission against interest, but it was not conclusive and was subject to explanation. In Glasscock, and in the cases cited therein, there is a fuller discussion of this rule and its application.

On the testimony heard, the trial court accepted the proof offered by appellee, and in substance found that appellee was not exceeding the speed limit by 26 miles per hour. The evidence sustains his decision. In such case the findings are not clearly erroneous. CR 52.01.

Judgment affirmed.