COMMONWEALTH of Kentucky, DEPART-
MENT OF PUBLIC SAFETY, Appellant,

v.

Donald Ray BELL, Appellee.

Court of Appeals of Kentucky.

May 15, 1970.

Mary Jo Arterberry, Department of
Public Safety, Frankfort, for appellant.

R. B. Bertram, Bertram & Bertram,
Monticello, for appellee.

REED, Judge.

On February 21, 1968, Donald Ray Bell, the appellee, was arrested near a small town in Indiana and charged with operating a motor vehicle under the influence of intoxicants, contrary to the law of that state. According to Bell, he was taken to the home of a Justice of the Peace; he was not allowed to make a phone call; he was not intoxicated, but because he had insufficient cash for bond and the officials would not accept a check and also because he could not afford the delay or the consequences thereof in view of his occupation, that of a truck driver, he entered a plea of guilty and received the minimum penalty under Indiana law—a fine of $25 and court costs. When the Kentucky Department of Public Safety received an "abstract" from the Indiana authorities which recited the arrest and disposition, Bell's license to operate a motor vehicle was suspended and he was notified of the action; this occurred on April 23, 1968. On May 16, 1968, Bell notified the Department by letter, which was admittedly received, of his objection to the action taken and the reason for his protest. On May 18, 1968, he filed a petition in Wayne Quarterly Court in which he sought an adjudication that he was entitled to have his license restored. He was successful in the quarterly court and the Department appealed to the circuit court. The circuit court reached the same result and the Department has appealed that judgment to this court. We affirm.

■ The Department first argues that the two courts below never acquired jurisdiction to afford relief because the proceedings for judicial review were never properly commenced. KRS 186.580(2) provides that an aggrieved license holder "may petition the quarterly court of the county in which he resides, for relief." It further provides: "A copy of the petition shall be filed with the department." CR 3 provides that a civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order

thereon in good faith. CR 1 in effect declares that CR 3 governs all actions "of a civil nature" except for "procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."

In the present case, Bell strictly complied with the applicable statute. He filed a petition in the quarterly court. A date for hearing was endorsed on a copy of petition and this copy was filed with the Department. The Department then filed a motion to dismiss the petition and a hearing was held on this motion. The motion to dismiss was overruled and thereafter a hearing on the merits was held. The Department had adequate notice of the latter hearing but chose not to attend, although it had previously filed an answer addressed to the merits of the petition after its motion to dismiss was overruled. The Department's assertion that it was subjected to an ex parte proceeding in the quarterly court is specious.

■ It is our view that judicial review of the administrative action involved herein is the subject of a special statutory provision—KRS 186.580(2). When an aggrieved party is in literal compliance with this statute and the administrative agency is afforded reasonable notice and opportunity to be heard, judicial review of the administrative order is proper. Cf. Dawson v. Hensley, Ky., 423 S.W.2d 911.

■ The second attack made by the Department is that the proceedings for judicial review were premature. The Department concedes that the proceedings were properly filed in accordance with the specific construction of KRS 186.580(2) made in Commonwealth, Department of Public Safety v. Glasscock, Ky., 415 S.W.2d 106. Glasscock was overruled in Commonwealth, Department of Public Safety v. McCuiston, Ky., 431 S.W.2d 724. The mandate in McCuiston issued on October 11, 1968. The De-

partment insists that we should afford retroactive effect to McCuiston. Glasscock required judicial review proceedings to be instituted on a time basis computed from the date of the notice of suspension. McCuiston changed this computation so that it now commences from the date the Department acts or by which it must act on the grievance notice filed with it by the license holder.

 We refuse to afford retroactive effect to the McCuiston case. Where a party institutes proceedings for judicial review of an administrative order in reliance on a specific judicial declaration that undertakes to construe statutory provisions concerning the time in which those proceedings must be instituted, a subsequent overruling decision will not be afforded retroactive effect to deprive him of the judicial review to which he is entitled. We do not consider it to be our proper function, or, for that matter, the function of the Department, to play a chess game with a license holder to checkmate him from an opportunity to be heard.

The Department's final thrust is that the evidence does not establish any arbitrary action on its part. Bell's explanation of his arrest and guilty plea was found to be satisfactory by both the judge of the quarterly court and the circuit judge. We have previously decided in drivers' license cases that where the license holder satisfactorily establishes innocence of the violation for which the license is suspended or revoked by explanation of guilty plea or otherwise, the license may be restored. The real issue in this case resolves itself to the credibility of uncontradicted evidence.

■ The only agencies that determined that issue were the quarterly court and the circuit court. We are not disposed to attempt to evaluate credibility of evidence in an instance such as this. Cf. Commonwealth, Department of Public Safety v. Glasscock, Ky., 415 S.W.2d 106 and Com-

monwealth, Department of Public Safety v. Palmisano, Ky., 444 S.W.2d 128.

The judgment is affirmed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.