679

W. O. NEWMAN, Commissioner of Public Safety, Frankfort, Kentucky, Appellant,

v.

Claude SMITH, Appellee.

Court of Appeals of Kentucky.

June 23, 1972.

Mary Jo Arterberry, Frankfort, for appellant.

Jessie Horn, Hazard, for appellee.

REED, Judge.

The Commissioner of Public Safety appeals from a decision of the circuit court which set aside the revocation of the driver's license of the appellee, Claude Smith. The basis of revocation was Smith's refusal to submit to a chemical test of his breath after he had been arrested for operating a motor vehicle while under the influence of intoxicating beverages. The trial court found that although there was support for the administrative finding that Smith refused to take the test within the meaning of the statute (KRS 186.565), the evidence presented before the administrative agency was insufficient to establish that the arresting officer had reasonable grounds to believe that Smith was driving while under the influence of intoxicating beverages at the time of arrest. We reverse the decision of the circuit court because the record establishes that the commissioner's action in revoking Smith's license was supported by substantial evidence, and therefore cannot be disturbed upon judicial review.

State Trooper Shelby Nease arrested Claude Smith and charged him with operating a motor vehicle while under the influence of intoxicating beverages. Nease testified that he first noticed Smith's car on the wrong side of the yellow line in the trooper's line of traffic. Nease said that he turned his cruiser around and proceeded to follow Smith's car. He then observed the Smith car illegally enter an exit, ap-

parently from a limited-access highway. Smith drove his car the wrong way on the exit. According to Nease, Smith was speeding. The trooper testified that he directed Smith to pull his car over and stop. The officer stated that he requested Smith to walk a straight line, which he was unable to accomplish; that the driver weaved; that his eyes were red; and that he smelled of alcoholic beverages.

Nease requested Smith to take the chemical breath test. Smith orally agreed. While they were en route to the testing location, however, Smith started to light a cigarette and was stopped from doing so by the officer who informed him that he must not smoke, eat or drink anything for 20 minutes before taking the test. Following this, Smith extracted a candy breath mint and the officer again warned him against eating prior to the test. Nevertheless, Smith proceeded to eat the mint and remarked, "God damn your old test." The officer concluded this was a refusal and filed the sworn report required by statute [KRS 186.565(3)] that Smith had refused to take the chemical breath test.

The Department of Public Safety notified the driver that his license was revoked for a period of 6 months. The driver requested an administrative hearing which was conducted and in which the driver was afforded full opportunity to give his version of the facts. [KRS 186.565(4)].

Smith's version was that he had drunk only 1½ to 2 beers, that his car weaved and crossed the center line because the road was very rough; that the exit ramp he entered was part of an expressway under construction and that it was not marked "exit"; that his car was so old it couldn't go over 30 or 40 miles an hour; and that the officer's expressed irritation with his conduct so unnerved him that he popped the breath mint into his mouth, but at all times earnestly wanted to take the test.

The commissioner found that Smith's conduct amounted to a refusal to take the

test and that the officer had reasonable grounds to believe the arrested driver had been driving a motor vehicle while under the influence of intoxicating beverages. Having found that the essential requirements for the application of KRS 186.-565(3) factually existed, the commissioner sustained the revocation. Smith then appealed to circuit court for the limited judicial review prescribed by KRS 186.565(5).

■ We agree with that part of the trial judge's decision which held that there was substantial evidence in the record before the commissioner to support the finding of fact that Smith refused to submit to the test. In Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971), that court held that refusal to submit to the test occurs when the conduct of the arrested motorist is such that a reasonable person in the officer's position would be justified in believing that such motorist was capable of refusal and manifested an unwillingness to submit to the test. In Finley v. Orr, 262 Cal.App.2d 656, 69 Cal.Rptr. 137 (1968), it was held that oral consent may be revoked by a nonverbal refusal. The officer's testimony on the issue constituted substantial evidence that Smith, after knowing of the effect of eating on the administration of the test, deliberately committed an act that would prevent reasonably expeditious and accurate administration of the test, and that after this conduct, Smith's verbal statement, imploring divine condemnation of the test itself, constituted a refusal.

■ We are unable to agree with the circuit judge that the officer did not have reasonable grounds to believe that Smith was operating his motor vehicle under the influence of intoxicating beverages. Under KRS 186.565(5), in the instance presented in this case, judicial review is limited to determining whether the commissioner's ruling is arbitrary or capricious, or is not supported by substantial evidence. Commonwealth, Dept. of Public Safety v. Cheek, Ky., 451 S.W.2d 394 (1970).

The issue is not whether Smith was guilty beyond a reasonable doubt of the offense of driving a motor vehicle while under the influence of intoxicating beverages. Revocation was not based on commission of that offense. The true issue is whether the officer had reasonable grounds to believe that Smith was operating his car while under the influence of intoxicants at the time he arrested him. The evidence before the commissioner, in our view, was more than ample to sustain the finding that reasonable grounds for such belief were present.

The judgment is reversed with direction to enter a new judgment sustaining the order of revocation.

All concur, except OSBORNE, J., who concurs in the result only because the issue of the constitutionality of the statute was not raised.