**COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**John Leonard WALKER, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

Mary Jo Arterberry, Department of Public Safety, Frankfort, for appellant.

J. Leonard Walker, Louisville, for appellee.

REED, Judge.

The Department of Public Safety revoked the driver's license of John Leonard Walker, Jr., for a period of 6 months. The revocation was entered under KRS 186.570 which relates to discretionary suspension of an operator's license "with or without a hearing" and "with or without receiving a record of conviction of that person of a crime" whenever the department has reason to believe that "that person is an habitually reckless or negligent driver of a motor vehicle or has committed a serious violation of the motor vehicle laws." The department's notice of revocation to Walker specified that its action was taken as a result of "your numerous convictions of the traffic laws" and "violation of probation-clinic."

KRS 186.580(2) as it existed at the time the revocation order was issued granted the aggrieved driver the right to petition the quarterly court of the county in which he resided for relief. A later provision of the same statute also granted the right to either the aggrieved driver or the Department of Public Safety to appeal the decision of the quarterly court if dissatisfied.

Walker appealed the order of revocation to the Jefferson Quarterly Court. An evidentiary hearing was held but was not transcribed and does not appear in the record. The quarterly court set aside the order of revocation and the Department of Public Safety appealed to the Jefferson Circuit Court. Another evidentiary hearing was held and again was not transcribed. The evidentiary proceedings before the circuit court are not contained in the record. The circuit court, as did the

quarterly court, found that the revocation was not sustainable and directed that it be set aside. The department thereupon appealed to this court.

The department argues that the scope of judicial review authorized by KRS 186.-580(2) has been misconceived by prior decisions of this court and was also exceeded by the circuit court. The department also argues that the circuit court erred in allowing Walker to go behind the suspension order for violations of his probation agreement and explain the violations which precipitated the probationary status. The department's final contention advanced is that the evidence was insufficient to sustain the circuit court's ruling.

The department's argument that the cases of Commonwealth, Dept. of Public Safety v. Glasscock, Ky., 415 S.W.2d 106; Commonwealth, Dept. of Public Safety v. Palmisano, Ky., 444 S.W.2d 128, and Commonwealth, Dept. of Public Safety v. Bell, Ky., 453 S.W.2d 751, were all wrongly decided is supported by merely a rehash of the arguments made in those cases. We are not persuaded that they are unsound.

Walker received three traffic citations in Florida for speeding—one in the year 1966 and the other two in the year 1968. He did not plead guilty nor does the record disclose any trial of those actions, much less judgments of conviction. Bonds were posted in each instance which were ultimately estreated to the State of Florida. Under its point system, the department assessed a total of nine points against Walker for two of these traffic infractions. At that time Walker had accumulated three points for a traffic violation in Kentucky which totaled twelve points in all.

In April 1968 a representative of the department conferred with Walker and placed him on probation, at which time he agreed to attend a driver-improvement clinic. No address for the clinic was stated in the notice for his attendance and no specific time for holding the clinic was stated except that it was to be held in Frankfort in May 1968. When Walker failed to appear at the clinic, the notice of revocation to which his appeal was addressed was issued.

Unlike Newman v. Smith, Ky., 481 S.W.2d 679 (this day decided) no administrative evidentiary hearing was afforded Walker. The only evidentiary hearings in the case are the unreported proceedings in the quarterly court and in the circuit court. It is a necessary rule of law that unreported testimony must be deemed to support the findings of a court having jurisdiction in a case. Therefore, we must assume that the evidence supported the decision of the circuit court.

The department in this case fails to show any conviction for traffic violations in the State of Florida. The circuit court had a right to determine the actual circumstances of those occurrences. The sufficiency of Walker's excuse for failing to attend the clinic was also a matter for the circuit court's determination.

Courts are composed of individuals who are parents, drivers and pedestrians. We, of course, have deep human concern for the problem of the unsafe motorist on the highway and the tragedies which he causes. Nevertheless, as in the instance of the administration of the criminal law, including the commission of felonies, we are obligated to observe the mandates of the legislature and the Constitution of the United States.

The legislature has seen fit to provide that where a driver has his license revoked without a hearing as a discretionary matter, he is entitled to a plenary type judicial review. That was afforded in this case. Whether the trial court erred or not, we simply cannot determine, because the department has not seen fit to provide us with an evidentiary transcript from which such determination could be made. Hence, the necessary rule of judicial administration that unreported evidentiary hearings

must be deemed to support a trial court's findings must be invoked.

The real thrust of the department's position is based upon a basic premise that has been exploded by the Supreme Court of the United States. In Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971), by which we are bound, the law of the land was declared to be that a state does not have complete discretion over the removal of a person's driver's license; the state must afford such person procedural due process as required by the Fourteenth Amendment to the Constitution of the United States. The court said: "Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. . . . That is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.' "

It might well be that the department could have properly pleaded Florida law and demonstrated that the estreatments of the bonds were convictions, but no such attempt was made. Perhaps the department's administrative procedure could be restructured so that due process could be afforded on the administrative level and a record sufficient to withstand judicial review could be established. Those considerations, however, are for the department and the legislature. In the interest of promoting highway safety, we sincerely hope that satisfactory restructuring that would accomplish the result desired by the department, the court and the public could be achieved. We cannot, however, abandon our responsibility to enforce the constitutional requirement of due process.

The judgment is affirmed.

All concur.