**TRANSPORTATION CABINET,**
**Commonwealth of Kentucky,**
**Appellant,**

v.

**Jane C. DRIVER, Appellee.**

**No. 91–CA–446–S.**

Court of Appeals of Kentucky.

April 3, 1992.

Patricia K. Foley, Frankfort, for appellant.

Joseph S. Freeland, Paducah, for appellee.

Before GUDGEL, JOHNSON, and MILLER, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the McCracken Circuit Court reversing an order of the Transportation Cabinet revoking appellee's driver's license. Appellant contends that the court erred by adjudging that appellee's refusal to sign a form releasing a hospital from civil liability in connection with taking a blood specimen pursuant to the implied consent law did not amount to a refusal to submit to the test for purposes of the statute. We disagree. Hence, we affirm.

On April 6, 1990, appellee Jane Driver was stopped by Officer Orazine, a Paducah patrolman, after she was allegedly observed weaving in her lane of traffic. After Driver failed two field sobriety tests, she was arrested for DUI. Although Driver agreed to take a breathalizer test to determine the alcohol content of her blood, she was unable to give a sufficient sample for a breath test because she was suffering from an attack of hiccups. Officer Orazine then reminded Driver of the implied consent law, KRS 186.565(1), and requested that she submit to a blood test. Driver agreed, and Officer Orazine took her to Western Baptist Hospital. After signing certain out-patient forms, Driver was asked by a hospital technician to sign a "Blood Alcohol Test Authorization" form. The portion of the form relevant to this appeal states as follows:

> I have been advised of my rights by the officer named above and the charge against me. I have been told about the method for taking a blood sample and the possible risks involved. I hereby consent to the taking of a blood specimen from me for a police investigation. I release the Hospital and any persons involved with taking the blood specimen from any and all liability arising from taking the blood specimen.

_____

Witness

_____

(Patient's Signature)

_____

(Patient's Name)

_____

(Patient's Address)

Driver refused to sign this form without consulting with an attorney, but she offered to submit to the test without signing the form. The hospital technician, however, refused to draw her blood unless she signed the form. Consequently, no blood sample was drawn.

Subsequently, Officer Orazine filed an affidavit with the Transportation Cabinet stating that he had reasonable grounds to

believe that Driver had been driving while under the influence of intoxicating beverages and that she had twice refused to submit to a blood alcohol test after being warned of the effect of her refusal. Following a show cause hearing, a hearing officer recommended that Driver's license be revoked due to her refusal to submit to the requisite test.

On July 11, 1990, a final order was entered by the cabinet suspending Driver's operator's license for six months as required by KRS 186.565. On January 29, 1991, the circuit court entered a judgment reversing the cabinet's order. The court adjudged that Driver was not required by the implied consent law to sign a form releasing the hospital administering the blood test from civil liability as a condition precedent to consenting to a blood test. *Meiman v. Rehabilitation Center, Inc.,* Ky., 444 S.W.2d 78 (1969). For this reason, the court set aside the cabinet's order revoking Driver's license as not being supported by substantial evidence and as being arbitrary and capricious. This appeal followed.

Appellant cabinet contends that the court erred by failing to adjudge that appellee's refusal to sign the hospital civil release form amounted to a refusal to submit to a blood alcohol test for purposes of the implied consent statute. We disagree.

KRS 186.565(1) states that any person who operates a motor vehicle in this state is deemed to have given his consent to a test of his blood, breath, urine or saliva to determine the alcohol content of his blood. The test is to be administered at the direction of a law enforcement officer, and the agency employing the officer shall designate which test shall be administered and provide the necessary equipment. Nothing in the statute, however, states that the accused is required to sign a form releasing the hospital administering a blood test from civil liability as a condition precedent to the administration of the test. Indeed, we are of the opinion that such a statutory requirement would clearly violate public policy. *Meiman, supra.* This is especially true since the implied consent law is not intended to regulate or govern the hospital's tort liability for negligence in any respect.

Here, it is undisputed that appellee first agreed to take a breathalyzer test and that she subsequently agreed to take a blood test instead. The mere fact that prior to submitting to the blood test she refused to sign a form releasing the hospital from civil liability cannot be translated into a refusal to take the test for purposes of the statute. The record shows that with the exception of signing the release form appellant did everything asked of her. However, there is simply no statutory requirement that an accused must sign such a form. Thus, there is no evidence to support a finding that appellant refused to submit to the blood test for purposes of the statute.

Contrary to appellant's suggestion, the instant action is not analogous to the situation in *Moseley v. Commonwealth,* Ky., 492 S.W.2d 204 (1973), where it was impossible to administer the test because the driver persisted in drinking and smoking in spite of repeated warnings that this was impermissible prior to the test, nor to the situation in *Newman v. Stinson,* Ky., 489 S.W.2d 826 (1972), where the driver urged that he complied with the statute by exhaling into the breathalyzer equipment one time. Here, appellee willingly offered to do everything the statute required, including submitting to a blood test.

The court's judgment is affirmed.

All concur.